o

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TO THE MATTER OF ANDREW KWASI DONKOR, | ) Case No. EDCV 11-1596-GW (DTB) |
| Petitioner, | ) |
| vs. | ) ORDER SUMMARILY DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
| THE UNITED STATES OF AMERICA; ARNOLD SCHWARZENEGGER; EDMUND G. BROWN JR.; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; CALIFORNIA BOARD OF PRISON TERMS; CALIFORNIA BOARD OF PAROLE; CAPTAIN RUBEN; PAUL R. BABEU; KATRINA S. KANE; ERIC H. HOLDER, JR.; JANE NAPOLITANO; SHERRI R. CARTER; RAYMOND PLACENTIA; OFFICER GOLDSTEIN; OFFICER WESTON; JOSEPH MORRIS; DETECTIVE BOB BACKES; INVESTIGATOR MELVIN VANCE; ROD PACHECO; VICKI HIGHTOWER; LETICIA BELTRAN; and SARAH MORENO, | ) |
| Respondents. | ) |

1

Petitioner is currently in the custody of the Department of Homeland Security, Immigration, and Customs Enforcement, incarcerated at the Pinal County Jail in Florence, Arizona.  On November 10, 2011, petitioner filed a pro se "4th Ammended [sic] Civil Complaint" ("Pet.") herein, ostensibly pursuant to 28 U.S.C. § 2255; the All Writs Act, 28 U.S.C. § 1651; 28 U.S.C. § 1361; the General Federal Question Jurisdiction Statute, 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Administrative Procedures Act, 5 U.S.C. § 704. Notwithstanding petitioner's reference to these statutes, the Court will proceed under the assumption that petitioner is seeking habeas relief under 28 U.S.C. § 2255, as the bulk of the relief sought appears to be an order vacating his criminal convictions.

As best the Court can glean from the Petition, petitioner is currently awaiting deportation as a result of a State criminal conviction for statutory rape (Case No. RIF137195) and an unspecified State firearm conviction (Case No. 333950).  (Pet. at 5, 18-19.)  The Petition purports to be challenging these State court convictions as well as petitioner's immigration removal order.  Petitioner appears to further be alleging that the deportation proceedings and resulting removal order violates his rights to be free from double jeopardy.  (Pet. at 20.)[1]

For the reasons discussed hereafter, this action is subject to dismissal because the Court lacks jurisdiction to consider this action.

/ / /

/ / /

/ / /

/ / /

---

[1]     Petitioner has initiated a number of actions in the United States District Court, Central District of California, all of which appear to be seeking substantially similar relief.  (See Case Nos. 11-0657-GW (DTB), 11-1732-GW (DTB), 11-1641-GW (DTB), and 11-1550-GW (DTB).)  The Court has addressed each of these cases under separate cover.

2

**DISCUSSION**

I.   <u>**Section 2255 is inapplicable to petitioner's claims.**</u>

As explained, petitioner purports, *inter alia*, to be seeking relief under 28 U.S.C. § 2255.  Under 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentences, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

It appears from the face of the Petition that petitioner is currently in federal custody.  However, it does not appear that petitioner is in federal custody as a result of a federal criminal conviction or sentence.  Rather, petitioner appears to be in the custody of immigration authorities pending removal and seeks to challenge the legality of the underlying <u>State court</u> convictions.  Thus, relief under 28 U.S.C. § 2255 is unavailable to petitioner, since that statute expressly applies only to "[a] prisoner in custody under sentence of a court established by Act of Congress."

II.   <u>**The Court lacks subject matter jurisdiction over challenges to petitioner's immigration removal order.**</u>

To the extent petitioner is challenging his immigration removal proceedings based upon his contention that the underlying California state court criminal convictions were improperly considered for purposes of his immigration removal proceedings, the Court lacks jurisdiction over such matters because petitioner's claims appear to directly challenge his underlying immigration removal order.

/ / /

3

1    The REAL ID Act of 2005[2] eliminates district court habeas jurisdiction over
2    orders of removal in immigration proceedings and vests jurisdiction to review such
3    orders exclusively in the courts of appeals. <u>See</u> <u>Momeni v. Chertoff</u>, 521 F.3d 1094,
4    1095-96 (9th Cir. 2008); <u>see also</u> 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other
5    provision of law . . . including section 2241 . . . a petition for review filed with an
6    appropriate court of appeals in accordance with this section shall be the sole and
7    exclusive means for judicial review of an order of removal entered or issued under any
8    provision of this chapter."). Accordingly, the Real ID Act of 2005 divests this Court
9    of jurisdiction to review petitioner's removal order and, therefore, the Court lacks
10   jurisdiction over petitioner's claims.

11       The Court notes that, although the REAL ID Act of 2005 has eliminated the
12   district court's jurisdiction in some respects, the district courts retain subject matter
13   jurisdiction over 28 U.S.C. § 2241 petitions that do not involve final orders of
14   removal. <u>See</u> <u>Nadarajah v. Gonzales</u>, 443 F.3d 1069, 1075-76 (9th Cir. 2006); <u>see</u>
15   <u>also</u> <u>Casas-Castrillon v. Dep't of Homeland Sec.</u>, 535 F.3d 942, 946 (9th Cir. 2008).
16   Specifically, an alien detainee may be entitled to federal habeas corpus relief under
17   28 U.S.C. § 2241 if he has been subjected to prolonged and indefinite detention as
18   defined by the Supreme Court, <u>see</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687, 121 S. Ct.
19   2491, 150 L. Ed. 2d 653 (2001)[3] and/or he has not been provided an adequate
20
21       [2]    <u>See</u> Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).

22       [3]    In <u>Zadvydas</u>, the Supreme Court considered a challenge to the prolonged
23   detention of two aliens who were being held in post-removal period detention at the
24   discretion of the Attorney General under Section 1231(a)(6). 533 U.S. at 682-86.
25   Acknowledging that a statute permitting the indefinite detention of aliens would "raise
26   a serious constitutional problem," the Court concluded that Congress had not
27   expressly authorized the continued detention of aliens beyond a period reasonably
28   necessary to secure the alien's removal. <u>Id.</u> at 690, 699-700. The Court held that after
     a presumptively reasonable six-month period of post-removal period detention, the
                                                                    (continued...)

4

opportunity to contest the necessity of his continued detention through the immigration removal proceedings, <u>Casas-Castrillon</u>, 535 F.3d at 950-51. As currently pled, the Petition does not appear to raise such a claim.[4]  To the extent petitioner believes that he is entitled to relief on this basis, he may file a writ of habeas corpus pursuant to 28 U.S.C. § 2241, provided that he addresses this claim in a simple, concise, and direct manner so that the Court and respondents are provided adequate notice of such allegations.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3](...continued)

alien was entitled to release if he successfully demonstrated that there was "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." <u>Id.</u> at 701.

[4]    Petitioner has a separate action pending (Case No. 11-0657-GW (DTB)), in which he vaguely alluded to a claim that he is being subjected to indefinite detention.  However, as explained in separate order addressing that action, those allegations, as currently pled, are conclusory and insufficient to state a prolonged detention claim.  <u>See</u> <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th Cir. 1995) (conclusory allegations unsupported by a statement of specific facts do not warrant habeas relief); <u>see</u> <u>also</u> <u>Greenway v. Schriro</u>, 653 F.3d 790, 804 (9th Cir. 2011).

**ORDER**

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 12, 2011

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge

6